# UNITED STATES DISTRICT COURT

for the

Eastern District of Pennsylvania

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* ) Case No. 19-1879-1
A black Samsung Galaxy S9 SM-G96U, IMEI )
356915090212316 ("TARGET CELLPHONE 1") )
)

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*

See Attachment A

located in the Eastern District of Pennsylvania, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☒ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☐ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. §§ 846, 841(a)(1) | Drug Conspiracy/Distribution of Controlled Substances |
| 21 U.S.C. § 843(b) | Unlawful use of communication facilities |

The application is based on these facts:

☒ Continued on the attached sheet.

☐ Delayed notice of ___ days (give exact ending date if more than 30 days: ___) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Special Agent William Doherty, FBI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 11/7/19

*Judge's signature*

City and state: Philadelphia, PA          Hon. Elizabeth T. Hey, U.S. Magistrate Judge
*Printed name and title*

# UNITED STATES DISTRICT COURT
for the
Eastern District of Pennsylvania

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>A blue Huawei ANE-LX3 cell phone<br>("TARGET CELLPHONE 2") | )<br>)<br>) Case No. 19-1879 - 2<br>)<br>)<br>) |

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*
See Attachment A

located in the _____ Eastern _____ District of _____ Pennsylvania _____, there is now concealed *(identify the person or describe the property to be seized)*:
See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☐ contraband, fruits of crime, or other items illegally possessed;
☐ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C.§§ 846, 841(a)(1) | Drug Conspiracy/Distribution of Controlled Substances |
| 21 U.S.C. § 843(b) | Unlawful use of communication facilities |

The application is based on these facts:

☑ Continued on the attached sheet.
☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Special Agent William Doherty, FBI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 11/7/19

*Judge's signature*

City and state: Philadelphia, PA

Hon. Elizabeth T. Hey, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF SEARCH WARRANTS
## FOR CELLULAR TELEPHONES

I, William Doherty, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I am a Special Agent with the Federal Bureau of Investigation ("FBI"), United States Department of Justice, assigned to the Philadelphia Division. As such, I am a "federal law enforcement officer" within the meaning of Federal Rule of Criminal Procedure 41(a)(2)(C), that is, a government agent engaged in enforcing the criminal laws and duly authorized by the Attorney General to request a search warrant.

2. I have been employed as a Special Agent since April 2012 and during this time, I have received instruction and on-the-job training in various aspects of law enforcement. As part of my duties with the FBI, I investigate violations of federal criminal law over which the FBI has jurisdiction, including violent crimes, gangs, drug trafficking organizations and other violent criminal elements. Over the course of these investigations I have conducted interviews of witnesses, victims and suspects, participated in physical and electronic surveillance, utilized pen registers and trap and trace devices, applied for and received numerous search and seizure warrants and arrest warrants. I have participated in searches authorized by consent, search warrants and other legal grounds, for residences, businesses, cellular telephones and vehicles for the purpose of obtaining evidence. While employed by the FBI, I have also participated in investigations classified under the Organized Crime Drug Enforcement Task Force ("OCDETF"), which is a national initiative focused on targeting drug trafficking organizations.

3. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. Because this Affidavit is being submitted for the limited purpose of obtaining the requested search warrants, it does not

1

include all the facts that I have learned during the course of this investigation. Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated. In addition, unless otherwise indicated, statements by others referenced in this Affidavit were not necessarily made to me, but may have been provided to me by someone else to whom I have spoken or whose report I have read (and who in turn may have had either direct or indirect knowledge of the statement). Similarly, unless otherwise indicated, information in this Affidavit resulting from surveillance does not necessarily set forth my personal observations, but may have been provided to me by other law enforcement agents who observed the events, and to whom I have spoken or whose report I have read.

4. Based upon this knowledge, I submit the facts contained in the paragraphs below demonstrate there is probable cause that the cellular telephones described herein contain evidence of the commission of drug distribution and conspiracy to commit drug distribution offenses by JESUS BUSTAMANTE-VALDEZ ("BUSTAMANTE") and other co-conspirators, known and unknown. Furthermore, the cellular telephones were seized during the commission of a crime and, therefore, I believe contain evidence of these violations and constitutes property used and intended to be used to commit these violations. Based upon the circumstances of his arrest, I believe the cellular telephones belong to BUSTAMANTE because they were either recovered from him during his arrest or during the subsequent execution of a search warrant on a vehicle that was driven by BUSTAMANTE prior to his arrest. The arrest of BUSTAMANTE and search of his vehicle occurred in Phoenix, Arizona on August 6, 2019.

5. This affidavit is in support of search warrants for BUSTAMANTE'S cellular telephones described as follows: (1) a black Samsung Galaxy S9 SM-G96U, IMEI

356915090212316 ("TARGET CELLPHONE 1"); and (2) a blue Huawei ANE-LX3 (IMEI not available) ("TARGET CELLPHONE 2"). As a general matter, these cellular telephones can be used for storing data (such as names, contact information, contact history, addresses, pictures, and videos) and utilizing electronic application programs commonly referred to as "apps." The cellular telephones also function as wireless communication devices and can be used to access the internet, send and receive electronic mail, send and receive short message service (SMS/text) and make telephone calls, among other capabilities. The data sought within TARGET CELLPHONE 1 and TARGET CELLPHONE 2 is further described in Attachment A.

6. Since this Affidavit is being submitted for the limited purpose of securing search warrants for stored data and content contained in the cellular telephones, I have not included each and every fact known to me concerning this investigation. The facts and circumstances of this investigation as set forth below establish that there is probable cause to believe that BUSTAMANTE and others known and unknown have committed and conspired to commit offenses involving: (1) Title 21, United States Code, Sections 841(a)(1) and 846 relating to distribution and possession with intent to distribute controlled substances and conspiracy to commit those offenses; and (2) violations of Title 21, United States Code, Section 843(b) relating to the unlawful use of communication facilities, that is, telephones and cellular telephones, to facilitate the commission of Federal drug offenses ("Specified Federal Offenses").

## PROBABLE CAUSE

7. On July 25, 2019, your affiant appeared before the Honorable Carol S. Wells, United States Magistrate Judge in Eastern District of Pennsylvania ("EDPA"), and swore to facts in support of a criminal complaint against BUSTAMANTE and his co-conspirators Abelardo CABALLERO-LEON ("LEON") and Marco CASTRO ("CASTRO").

8.  On August 5 and 6, 2019, law enforcement agents conducted an enforcement operation targeting BUSTAMANTE and LEON for distributing cocaine and crystal methamphetamine from Arizona, to the Philadelphia, Pennsylvania region. This investigation involved the use of a registered Confidential Witness ("CW"), who has proven to be reliable and credible, as well as the use of other investigative techniques.

9.  On August 5, 2019, CW was directed by law enforcement agents to meet with LEON at a restaurant in Tempe, AZ, to finalize plans for LEON to sell 100-pound crystal methamphetamine to CW, scheduled to take place the following morning. Law enforcement conducted surveillance of this meeting between CW and LEON. At the conclusion of the meeting, law enforcement offices debriefed CW who confirmed that the CW and LEON would conduct the narcotics transaction the following morning. CW advised that the planned meeting location was at a warehouse parking lot south of the Phoenix Airport in Phoenix. The address of this meeting location was known to law enforcement agents as 4200 East Broadway, Phoenix, AZ, based on previous narcotics transaction that occurred at this location between CW, LEON and BUSTAMANTE in May 2019.

10. At the conclusion of the meeting between CW and LEON, surveillance units followed LEON in his vehicle to a Home Depot parking lot where he was observed meeting with BUSTAMANTE for approximately 15 minutes. LEON departed the Home Depot parking lot and returned to his residence located about 45 minutes south of Phoenix.

11. The following morning, on August 6, 2019, law enforcement officers executed a traffic stop on a vehicle driven by LEON as he was driving north towards Phoenix, AZ. LEON was taken into custody on the complaint and warrant issued in EDPA. LEON was advised of his Miranda rights and waived those rights by signing an Advice of Rights Form. LEON confirmed

4

he met with CW the night before and that they discussed a narcotics transaction scheduled to take place that morning. LEON was asked about the current location of BUSTAMANTE, and LEON offered that he might be found at the warehouse located at 4200 East Broadway in Phoenix.

12. The information provided by LEON was relayed to an FBI interview team that was assigned to interview the business manager of the warehouse at 4200 East Broadway. The law enforcement interview team located and arrested BUSTAMANTE as he entered the warehouse a short time later. BUSTAMANTE initially requested a lawyer upon being detained, but then BUSTAMANTE said he did not want any trouble and informed law enforcement that there were narcotics in his truck. Law enforcement officers escorted BUSTAMANTE to the parking lot at the rear of the warehouse and BUSTAMANTE advised law enforcement officers that a tan Ford F-150 belonged to him. The Ford F-150 was secured and transported to the FBI Phoenix Field Office until a search warrant was secured. At the time of his arrest, law enforcement officers removed a wallet, keys, and TARGET CELLPHONE 2 from BUSTAMANTE'S person and placed them in evidence bags.

13. That same afternoon, search warrant 19-5295MB was issued in the District of Arizona and was executed on BUSTAMANTE'S Ford F-150. Inside the truck, law enforcement officers recovered a suitcase containing approximately 55 pounds of suspected crystal methamphetamine. The drugs field tested positive for the presence of methamphetamine. Inside the Ford F-150, law enforcement officers also seized TARGET CELLPHONE 1.

14. The case against BUSTAMANTE, LEON and their co-conspirator CASTRO is being prosecuted in EDPA. The defendants are charged with distributing methamphetamine in EDPA by shipping large quantities through the mail from Arizona to EDPA, committing the

Specified Federal Offenses. LEON, BUSTAMANTE and CASTRO have been arraigned on the indictment in EDPA. TARGET CELLPHONE 1 and TARGET CELLPHONE 2 have been transferred from the custody of the FBI Phoenix Office to the FBI Philadelphia Office, where they are currently located.

## CONCLUSION

15. Your affiant knows that the primary means of communication by drug dealers is through the use of cellular telephones. In my experience, drug traffickers often utilize cellular telephones to communicate and arrange shipments, payments, logistics, and distributions, and to conduct their business with superiors, colleagues, transporters, cohorts, drug users and other individuals involved in drug distribution. In addition, there are cellphone applications, commonly referred to as "apps," that offer end-to-end encryption technology which allow for the user of the cellular telephone to conduct the activity described above, in a secure manner that is unable to be intercepted by law enforcement. Indeed, during the course of this investigation, CW and LEON communicated through these types of apps over cellphones.

16. Based on the facts contained within this affidavit, your affiant believes BUSTAMANTE was an integral part of the methamphetamine distribution network. The information provided by LEON regarding BUSTAMANTE's whereabouts on the morning of the scheduled narcotics transaction was consistent with the information CW had relayed to law enforcement about the meeting with LEON the night before. The crystal methamphetamine recovered from the Ford F-150 driven by BUSTAMANTE and the statement made by BUSTAMANTE also indicated that BUSTAMANTE knew of his illegal activity, was an integral part of the crystal methamphetamine distribution network, and would have used the cellular telephones in furtherance of planning the methamphetamine transaction with LEON and CW.

As such, I believe there is probable cause to believe that BUSTAMANTE'S cellular telephones – TARGET CELLPHONE 1 and TARGET CELLPHONE 2 – contain evidence of crimes, including, but not limited to, data, messages, communications, and images related to the Specified Federal Offenses.

17. Your affiant, having signed this affidavit under oath as to all assertions and allegation contained herein, states that its contents are true and correct to the best of my knowledge, information and belief.

William Doherty
Special Agent
Federal Bureau of Investigation

Sworn and subscribed before
me this 7th day of November, 2019,
Philadelphia, Pennsylvania

Hon. Elizabeth T. Hey
United States Magistrate Judge

## ATTACHMENT A

## ITEMS TO BE SEARCHED

1. A black Samsung Galaxy S9 SM-G96U, IMEI 356915090212316 ("TARGET CELLPHONE 1"); and

2. A blue Huawei ANE-LX3 cell phone ("TARGET CELLPHONE 2").

8

## ATTACHMENT B

## PROPERTY SOUGHT WITHIN THE CELLULAR TELEPHONES

All records on the TARGET CELLPHONE 1 and TARGET CELLPHONE 2 described in Attachment A that relate to drug trafficking in violation of Title 21, United States Code, Sections 846, 841(a), and 843(b), involving JESUS BUSTAMANTE-VALDEZ, including information pertaining to the following matters:

(a) The distribution of illegal drugs;

(b) The types, amounts, and prices of illegal drugs distributed as well as dates, places, and amounts of specific transactions;

(c) The identity of the persons who sent to and/or received communications from the cellular telephone about matters relating to the distribution of illegal drugs, including records that help reveal their whereabouts;

(d) The storage ("stash") locations of illegal drugs;

(e) The sources of supply for the illegal drugs and the list of customers, including names, addresses, phone numbers, and any other identifying information;

(f) The transporting or movement of illegal drugs, including information related to the methods of trafficking and travel schedules;

(g) Evidence indicating how and when the cellular telephone was used to determine the chronological context of cellular telephone use, account access, and events relating to distribution of illegal drugs;

(h) Evidence indicating the geographic location of the cellular telephone at times relevant to the investigation;

(i) Evidence of user attribution showing who used or owned the cellular telephone at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history;

(j) Contents of telephone directories; electronic libraries; stored communications including voice mail, voice messages and text messages, contact lists, applications, reference material aiding in the furtherance of criminal activity; photographs; time and date stamps; Global Positioning System (GPS) data; stored internet searches;

(k) Any information recording the BUSTAMANTE'S schedule or travel between 2018 and 2019; and

 (l) Any other memory feature relating to the offenses outlined in the affidavit of probable cause.

  As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.